LEHIGH VALLEY RAILROAD COMPANY, APPELLANT, v. IRA R. CROUSE, APPELLEE.

Decided February 20, 1923.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Adrian Lyon.*

For the appellee, *Emil Stremlau.*

PER CURIAM.

The defendant, desiring to ship sand over plaintiff's railroad, applied to its agents for a rate, and was given it at forty cents a ton. The sand was shipped and freight paid at that rate, but plaintiff, discovering later that the rate as fixed by the Interstate Commerce Commission was fifty cents a ton and a war tax, brought suit to recover the difference, in which action defendant had judgment and plaintiff appeals.

The shipment was from one point in Middlesex county, New Jersey, to another in the same county, and therefore intrastate. The only question argued is whether the federal act on the subject applies to intrastate shipments of freight. There is no pretence that the interstate and intrastate trans-

actions of the carrier are so related that the government of one involves the control of the other so as to make the act of the congress of the United States dominant, as in *Houston and Texas Railway* v. *United States,* 234 *U. S.* 342. This is a clear case of intrastate commerce, entirely detached from interstate commerce, nor subject to any nice distinctions as to its character based on any attempt to avoid the federal statute, or the giving of any unreasonable preference or advantage to one locality over any other.

We have only to consider whether the shipment of sand related to a transportation "wholly within one state, and not shipped to or from a foreign country from or to any state or territory," for if so it is exempted from the provisions of the statute of the United States entitled "Regulation of common carriers of intrastate and foreign commerce." *Vide* proviso in section 1, *United States Comp. Stat.* 1916, § 8563. The state of the case shows beyond doubt that this shipment falls within the class exempted from the provisions of the statute on which defendant relies for reversal of the judgment it appeals from, and leaves the appeal without support.

The judgment will be affirmed, with costs.